IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

(Charlottesville Division)

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
MAR 0 5 2015
JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

DOROTHY KEYS,

    Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

    Defendant.

Civ. No: 3:15CV00010

## COMPLAINT

### Preliminary Statement

1.     Plaintiff Dorothy Keys sues defendant Portfolio Recovery Associates, LLC ("PRA") for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* This Court has jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). Venue is proper in this court as all of the actions and omissions complained of herein took place in Louisa, Virginia.

### Parties

2.     Plaintiff Dorothy Keys is a 76-year-old resident of Louisa, Virginia. She is a consumer within the meaning of the FDCPA.

3.     Defendant PRA is a Virginia limited liability company with its principal place of business in Virginia. PRA is a debt collector within the meaning of the FDCPA because it regularly collects and attempts to collect debts owed or due to another.

## Facts

4. On October 8, 2013, Ms. Keys sought dental care treatment at Louisa Comprehensive Dental. Her bill totaled $698.00.

5. Ms. Keys's sole source of income is Social Security retirement, and she is insured through Medicare. At the time of her visit, Ms. Keys mistakenly believed that Medicare would cover her bill from Louisa Comprehensive Dental. However, Louisa Comprehensive Dental does not accept Medicare.

6. Upon information and belief, Synchrony Bank, formerly known as GE Capital Retail Bank ("GE CareCredit") contracted with Louisa Comprehensive Dental to enroll patients in its CareCredit card through an online application process via a portal called the "Provider Channel."

7. The Consumer Financial Protection Bureau filed an administrative proceeding against GE CareCredit for failing to adequately train and monitor providers like Louisa Comprehensive dental with respect to its obligations to make disclosures under the Truth in Lending Act (TILA). The CFPB found that some providers materially misled consumers about the terms of the card, and/or failed to provide proper, written disclosures with the credit card's terms as required under TILA. On December 10, 2013, the CFPB ordered GE CareCredit to pay restitution to eligible consumers and implement remedial monitoring processes to bring its online Provider Channel credit application practices into compliance with the CFPA.

8. Upon information and belief, Louisa Comprehensive Dental enrolled Plaintiff in GE Capital Retail Bank's CareCredit credit card through the online Provider Chanel to finance her dental bill.

9. When Louisa Comprehensive Dental asked questions of Ms. Keys to complete the online application, Ms. Keys believed that she was providing information for Louisa Comprehensive Dental's records. She could not see the receptionist's computer screen and did not intend to, consent to, or understand her enrollment with GE CareCredit.

10. At no time did Louisa Comprehensive Dental or GE CareCredit provide Ms. Keys with required disclosures under TILA.

11. The only GE CareCredit document bearing Ms. Keys's signature is a "Sales Draft" receipt retained by Louisa Comprehensive Dental.

12. Ms. Keys does not specifically recall signing the Sales Draft, and Louisa Comprehensive Dental did not explain its significance to her at the time.

13. The Plaintiff does not concede that the Sales Draft constitutes a valid contract. However, if a contract exists between Ms. Keys and GE CareCredit, the Sales Draft contains all applicable terms.

14. The terms contained within the Sales Draft do not provide for the imposition of any finance charges before the end of the 12-month interest-free promotional period.

15. The terms contained within the Sales Draft do not provide for the imposition of any late fees.

16. Ms. Keys never received any billing statements from GE CareCredit regarding the account.

17. Ms. Keys did not make, and could not have made, any payments toward the account as payments became due because she did not know the GE CareCredit account existed.

18. Upon information and belief, GE CareCredit charged Ms. Keys multiple late fees and imposed finance charges on those late fees and/or the principal balance of the loan.

19. GE CareCredit charged off and closed Ms. Keys's account on May 27, 2014.

**The Debt Buyer Business Model**

20. Debt buyers like PRA make money by purchasing the right to attempt to collect debts from debt sellers like GE CareCredit. In order to make debt collection practice profitable, debt buyers must purchase collection rights for less than they can expect to recover. Further, debt sellers like GE CareCredit often expressly disavow any warranty as to the accuracy of the data they provide to the debt buyers. Therefore, debt buyers must purchase collection rights at a steep discount to account for the risk that many of the debts they purchase will not be collectable due to incomplete or inaccurate information, and are able to purchase debts for mere pennies on the dollar.

21. Debt buyers like PRA have the ability to purchase the necessary documentation from debt sellers to verify that the information they receive about a debt is complete and accurate. However, debt sellers typically charge a higher price to purchase more information about the debt. As a result, debt buyers like PRA choose not to purchase documentation to verify the legal status and amount of many debts in order to maintain their large profit margins.

22. In recent years, the FTC has raised serious concerns about the sufficiency and accuracy of the information that debt buyers have at all stages of the collection process. Recent FTC reports note that debt buyers typically receive from debt sellers at the time of sale only an electronic spreadsheet containing minimal information about debts and debtors. The FTC has also charged that debt buyers often do little or nothing to verify debts if consumers dispute their validity – that is, debt collectors do not conduct an adequate investigation of consumer claims that they are not the debtor or that the amount of the debt being collected is incorrect.

### PRA's Debt Collection Efforts

23. Defendant PRA alleges it acquired the right to attempt to collect Ms. Keys's debt from GE CareCredit on June 19, 2014.

24. On or about July 8, 2014, Defendant PRA sent a letter to Ms. Keys attempting to collect $946.76 allegedly owed to GE CareCredit. This communication is attached hereto as Exhibit A, and its contents are expressly incorporated herein by reference.

25. On September 26, 2014 Ms. Keys sent a letter to Defendant PRA requesting documentation to establish the validity of the alleged debt. Plaintiff's counsel reiterated the request by letter dated October 30, 2014.

26. Defendant PRA responded to Plaintiff's counsel by letter dated October 31, 2014, with two account statements allegedly from Plaintiff's GE CareCredit account.

27. The first CareCredit statement, dated October 29, 2013, incorrectly omitted Plaintiff's apartment number from her address line. It lists a new balance of $698.00, reflecting the cost of Louisa Comprehensive Dental's bill. Plaintiff did not receive this October 29, 2013 GE CareCredit statement until more than a year later, when she requested it from PRA.

28. The second GE CareCredit statement is dated May 27, 2014.

29. This statement correctly included Plaintiff's apartment number in her address line, but states under "Cardholder News & Information" that this "Statement [was] not provided to customer." Plaintiff never received the May 27, 2014 CareCredit statement because it was never mailed to plaintiff.

30. The May 27, 2014 statement also shows that GE Capital Retail Bank assessed Plaintiff Dorothy Keys a late fee of $35.00 on May 21, 2014. This is an unlawful late fee

assessed in violation of the Fair Debt Collections Practices Act, which prohibits the collection of late fees unless expressly authorized by law or by the Sales Draft.

31. The May 27, 2014 statement also shows that on May 27, 2014, GE Capital Retail Bank charged off a balance of $946.76, with $248.76 of the balance representing finance charges.

32. Under the terms of the Sales Draft, no interest charges may be assessed if the purchase is made within the twelve (12) month promotional period. The promotional period did not end until October 8, 2014. Therefore, Ms. Keys only owed $698.00 when Defendant PRA attempted to collect $946.76 on July 8, 2014.

33. Ms. Keys did not agree to any late fees or interest charges within the 12-month promotional period.

34. Therefore, the $248.76 that PRA attempted to collect represents impermissible late fees and interest charges in violation of the GE CareCredit terms and the Fair Debt Collections Practices Act.

35. Ms. Keys is an elderly woman with extremely limited financial resources. When debt buyer PRA attempted to collect the large sum of $946.76 from Ms. Keys, she did not know that she owed such a sum, or for what reason. Ms. Keys experienced emotional distress when PRA contacted her.

## CAUSE OF ACTION:

### Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

36. Plaintiff incorporates the allegations in Paragraphs 1-35 above with the same force and effect as if herein set forth.

37. At all times relevant to this action, defendants were debt collectors within the meaning of the FDCPA because they use mail in a business that regularly collects and attempts to collect debts owed to another.

38. By attempting to collect late fees and finance charges that were not expressly authorized by the Sales Draft nor permitted by law, Defendant PRA violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e(2)(A), 1692e(10), and 1692f(1) to Ms. Keys's injury, and is thus liable to her in damages.

39. Defendant's noncompliance with the FDCPA was intentional within the meaning of 15 U.S.C. § 1692k, as defendants intended to mail the July 8, 2014 letter to Ms. Keys, and did intend, by mailing the July 8, 2014 letter, to induce Ms. Keys to pay some or all of the alleged debt.

## **Requested Relief**

Wherefore, plaintiff Dorothy Keys respectfully requests that this court provide the following relief:

1. An award of statutory damages of $1,000, pursuant to the FDCPA, 15 U.S.C. § 1692k(a);

2. An award of plaintiff's costs and reasonable attorney's fees, as appropriate under the FDCPA, 15 U.S.C. § 1692k(a)(3);

3. An award of emotional distress damages of $50,000.00, or as this court deems necessary and proper; and

4. Such other and further relief as this court deems necessary and proper.

Plaintiff requests trial by jury.

Respectfully submitted,

LEGAL AID JUSTICE CENTER

By: _____  Date:   March 5, 2015
Angela Ciolfi (VSB No.: 65337)
Angela@justice4all.org
Simon Sandoval-Moshenberg (VSB No.: 77110)
Simon@justice4all.org
1000 Preston Avenue, Suite A
Charlottesville, VA  22903
Ph: (434) 977-0553
Fax: (434) 977-0558
*Counsel for Plaintiff Dorothy Keys*